UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL A. GROVES, | ) | CASE NO. 4:23-cv-478 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

On March 9, 2023, petitioner Paul A. Groves ("petitioner" or "Groves") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1 (Petition).) Respondents, Federal Bureau of Prisons ("BOP"), FCI Elkton, and Warden F. Garza, subsequently filed a motion to dismiss the petition for want of jurisdiction. (Doc. No. 6 (Motion).) For the reasons that follow, the motion to dismiss is granted.

**I. BACKGROUND**

In his petition, Groves maintains that respondents have failed to accurately calculate and apply the credits due him under the First Step Act ("FSA"), 18 U.S.C. § 3624(b). (*See* Doc. No. 1, at 7–8.)[1] He seeks recalculation of his available credits to be applied towards his date of release from federal prison. (*Id.* at 8.) He also requests that the BOP be directed to "properly submit and process [his] CARES Act Home Confinement request subjecting [him] to immediate placement

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

on Home Confinement." (*Id*. (capitalization in original).)

Groves was released from federal custody on June 9, 2023. (Doc. No. 6-2 (Declaration of Robert Jensen) ¶ 3, Attach. A (Public Information Inmate Data Sheet); *see* https://www.bop.gov/inmateloc/ (last visited December 5, 2023).)[2] Respondents now move to dismiss, arguing that the petition is moot and the Court lacks subject matter jurisdiction because there is no longer an ongoing case or controversy with respect to Grove's release date. (Doc. No. 6, at 1.) Groves did not respond to the motion, and the time for filing a response has passed.

## II. DISCUSSION

"Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). The "'case-or-controversy requirement subsists through all stages of federal judicial proceedings,' . . . it is not enough that a dispute was alive when [petitioner's] habeas corpus petition was filed in the district court. [The petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Id*. (quoting *Lewis*, 494 U.S. at 477) (internal citation omitted). "Because this Court's authority is dependent upon a live case or controversy, mootness is a jurisdictional question." *Raglin*, 2012 WL 113028, at *2 (citing *Lewis*, 494 U.S. at 477).

"Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Brock*, 256 F. App'x at 750 (citing *Berger v.*

---

[2] The Court may take judicial notice of information contained on the BOP's online Inmate Locator service. *See Raglin v. Farley*, No. 4:11-cv-2146, 2012 WL 113028, at *2 n.2 (N.D. Ohio Jan. 12, 2012) (citation omitted).

*Cuyahoga Cnty. Bar Assoc.*, 983 F.2d 718, 721 (6th Cir. 1993)). Because Groves was released from federal custody, no actual injury remains concerning his release date that can be redressed by this Court. *Id.* ("Because [the petitioner] has already been placed in a [community corrections center], and was then released from custody, no actual injury remains which the Court could redress with a favorable decision in this appeal." (citations omitted)). Groves' release from federal custody, therefore, renders both his request for credit toward release and for consideration for home confinement moot. *See Zomber v. Stine*, No. 7:07-cv-402, 2008 WL 1735169, at *2 (E.D. Ky. Apr. 11, 2008) (prisoner's habeas petition challenging BOP policy regarding release of inmates to a residential reentry center ("RRC") was rendered moot when the prisoner was released during the habeas proceedings (citing *Brock*, 256 F. App'x at 750)); *see, e.g., Miracle v. Smith*, No. 3:15-cv-760, 2018 WL 4376500, at *3 (W.D. Ky. Apr. 25, 2018) (petitioner's habeas petition seeking additional good time credits was rendered moot by his release from custody). Moreover, "[a]s relates to habeas actions, a district court lacks jurisdiction over the petition if the petitioner is not in government custody; therefore, the individual's release from custody generally moots a habeas petition." *Khan v. Att'y Gen. of the United States*, No. 1:15-cv-2014, 2016 WL 4004616, at *2 (N.D. Ohio May 17, 2016) (habeas petition rendered moot when petitioner was released from ICE's custody during pendency of habeas proceedings), *report and recommendation adopted*, 2016 WL 4009885 (N.D. Ohio July 25, 2016).

Because Groves is no longer in federal custody, the Court lacks jurisdiction over his habeas petition, and, as no actual injury remains to be redressed by this Court, the petition is moot. Accordingly, dismissal of the present habeas petition is appropriate.

### III. CONCLUSION

For the foregoing reasons, respondents' motion to dismiss is granted, and this case is closed. A certificate of appealability is not needed to appeal the dismissal of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Groves need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

Dated: January 8, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**